UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------ x

MICHAEL LIARDI, :

Plaintiff, :

-against- :

CITIZENS BANK, N.A., :

Defendant. :

------------------------------------------------------------ x

MEMORANDUM & ORDER

Civil Action No. 9:24-cv-05836

VITALIANO, D.J.

On July 12, 2024, plaintiff Michael Liardi commenced this action against defendant Citizens Bank, N.A. ("Citizens Bank"). Liardi alleges that Citizens Bank negligently allowed a cybersecurity breach into his Home Equity Line of Credit ("HELOC") account and subsequently processed $156,850 in unauthorized cash advances made by an unnamed third party against his standing line of credit. Citizens Bank has moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Def.'s Mot., Dkt. 11. For the following reasons, defendants' motion to dismiss is granted in part and denied in part.

Background[1][2]

Between January 8, 2024 and January 26, 2024, seven cash advances totaling $156,850 were taken out on Michael Liardi's line of credit from his HELOC account held at Citizens Bank. *See* Am. Compl., Dkt. 1-1, ¶ 7. Liardi claims that he did not make or authorize these advances and that they occurred due to a cybersecurity breach of Citizens Bank's system. *Id.* ¶¶ 6, 9. Upon learning of the advances, Liardi filed a claim with Citizens Bank disputing the withdrawals as fraudulent, but Citizens Bank denied the claim. *Id.* ¶ 11. Overall, Liardi alleges that Citizens Bank failed to protect his account from unauthorized access, detect these fraudulent transactions, compare them to prior lending patterns, and secure confirmation before issuing the funds. *Id.* ¶ 8. The debt remains on Liardi's account and, he says, has adversely affected his credit rating. *Id.* ¶ 10.

On July 12, 2024, plaintiff filed suit against Citizens Bank in Supreme Court, Nassau County, seeking various relief on his claims of (1) negligence, (2) breach of fiduciary duty, (3) implied breach of contract, (4) express breach of contract, and (5) violation of unspecified New York state laws and public policy. Compl., Dkt. 1-1, at pp. 4–8. On July 31, 2024, plaintiff amended his complaint to add causes of action for violations of the (6) Fair Credit Reporting Act ("FCRA") and (7) New York Fair Credit Reporting Act ("NYFCRA"). Am. Compl. pp. 7–9. On August 21, 2024, defendant removed the action to this Court pursuant to 28 U.S.C. § 1441(a). *See* Dkt. 1. Defendant now moves to dismiss all claims under Federal Rule of Civil Procedure

[1] The facts are drawn from the operative complaint and taken as true, with all reasonable inferences drawn in the plaintiff's favor, as they must be on a motion to dismiss. *See Vietnam Ass'n for Victims of* Agent Orange v. Dow Chem. Co., 517 F.3d 104, 115 (2d Cir. 2008).

2 All page references to motion filings refer to the Electronic Case Filing system ("ECF") pagination.

12(b)(6).

## Legal Standard

A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) tests whether a complaint contains facts sufficient to make a plausible case. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556–58, 127 S. Ct. 1955, 1965–67, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). While not "akin to a 'probability requirement,'" the plausibility pleading standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

In the course of making a determination as to whether a pleading plausibly states a claim upon which relief can be granted, the district court should "draw all reasonable inferences in Plaintiff['s] favor." *Faber v. Metropolitan Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011). It must also accept well-pleaded facts as true, and consider them in the light most favorable to the non-moving party. *Chapman v. N.Y. State Div. for Youth*, 546 F.3d 230, 235 (2d Cir. 2008). At the same time, a court is generally limited to allegations made within the four corners of the complaint. *Semente v. Empire Healthchoice Assurance, Inc.*, 147 F. Supp. 3d 117, 120 (E.D.N.Y. 2015).

## Discussion

### I. Negligence

To state a negligence claim in New York, a plaintiff must allege "(1) the existence of a duty on defendant's part as to plaintiff; (2) a breach of this duty; and (3) injury to the plaintiff as a result thereof." *Caronia v. Philip Morris USA, Inc.*, 715 F.3d 417, 428 (2d Cir. 2013) (quoting *Akins v. Glens Falls City Sch. Dist.*, 53 N.Y.2d 325, 333, 424 N.E.2d 531, 535, 441 N.Y.S.2d 644,

648 (1981)). "Because a finding of negligence must be based on the breach of a duty, a threshold question in tort cases is whether the alleged tortfeasor owed a duty of care to the injured party." *Aegis Ins. Servs., Inc. v. 7 World Trade Co., L.P.*, 737 F.3d 166, 177 (2d Cir. 2013). The court may properly resolve this question on a motion to dismiss. *See Generation Next Fashions Ltd. v. JP Morgan Chase Bank, NA.*, 698 F. Supp. 3d 663, 682 (S.D.N.Y. 2023).

As a general matter, banks owe a duty of care to their customers. *See King v. Crossland Savings Bank*, 111 F.3d 251, 259 (2d Cir. 1997); *Bank Brussels Lambert, S.A. v. Intermetals Corp.*, 779 F. Supp. 741, 747 (S.D.N.Y. 1991). However, determining whether Citizens Bank owed such a duty to Liardi requires the Court to probe the intersection of contract and tort law. Citizens Bank argues that Liardi's negligence claim fails as a matter of law because a tort claim can accompany a breach of contract claim only when it alleges breach of a duty independent of the obligations and rights established by the contract, and, it contends, Liardi "does not allege any facts that would plausibly support a conclusion that a duty, independent of the HELOC Agreement, was created and subsequently breached by Citizens." Def.'s Mot. at 10–11.

It is true, to be sure, a tort can accompany a breach of contract claim but only where there is a relationship between the customer and the buyer out of which "springs a duty, independent of the contract obligation, and that independent duty is also violated." *Luxonomy Cars, Inc. v. Citibank, N. A.*, 65 A.D.2d 549, 550, 408 N.Y.S.2d 951, 954 (2d Dep't 1978). Cases are bountiful where courts have rejected negligence claims by depositors in standard checking or savings accounts on the ground that the alleged tort duty was entirely governed by the contract. *See, e.g.*, *Tevdorachvili v. Chase Manhattan Bank*, 103 F. Supp. 2d 632, 643 (E.D.N.Y. 2000); *Mraz v. JPMorgan Chase Bank, N.A.*, No. 17-CV-6380, 2018 WL 2075427, at *5 (E.D.N.Y. May 3, 2018); *see also Novak v. Greater N.Y. Sav. Bank*, 30 N.Y.2d 136, 141–42, 282 N.E.2d 285, 331 N.Y.S.2d

377 (1972). If a party simply attempts to enforce its contractual bargain through a tort claim, the tort claim can properly be dismissed. *See Essilor Int'l SAS v. J.P. Morgan Chase Bank, N.A.*, 650 F. Supp. 3d 62, 87 (S.D.N.Y. 2023) (declining to impose tort duty where "Defendant's obligations . . . are governed by contract").

In this case, there is no relationship existing between the parties outside the four corners of the agreement. "If the only interest at stake is that of holding the defendant to a promise, the courts have said that the plaintiff may not transmogrify the contract claim into one for tort. But if in addition there is an interest in protecting the plaintiff from other kinds of harm, the plaintiff may recover in tort whether or not he has a valid claim for breach of contract." *Dubai Islamic Bank v. Citibank, N.A.*, 126 F. Supp. 2d 659, 667 (S.D.N.Y. 2000) (citation omitted). In this case, the contract governing the HELOC (the "HELOC Agreement") says nothing about unauthorized access to the account and contains no clause shifting the risk of cyberbreach onto accountholders. *See* HELOC Agreement, Dkt. 11, Ex. A, at 23–39.[3] Access to the account is governed by section 6 of the agreement, which outlines two ways to advance funds: writing a preprinted check supplied by Citizens Bank that "will not be certified by [Citizens Bank]," or transferring funds from the HELOC to an associated online banking account. *Id.* at 26. Citizens Bank does not take on an express obligation to safeguard these means of access from unauthorized use, nor does the accountholder release Citizens Bank from liability from such unauthorized use. The contract

[3] Liardi did not attach a copy of the HELOC Agreement to his complaint, but Citizens did attach it to the motion to dismiss. When a plaintiff does not attach a document "upon which it solely relies and which is integral to the complaint," the defendant may attach this document in its motion to dismiss, and the court may consider it. *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991); *see also Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002). Because Liardi repeatedly refers to the contract in his complaint and it forms the basis of his claim, the Court finds the contract to be integral to his claim and may consider it in evaluating this claim. *See Alausa v. Monterey Fin. Servs., LLC*, No. 22CV3814PKCLB, 2023 WL 6121780, at *3 (E.D.N.Y. Sept. 19, 2023) (finding letter to be integral based on reference in complaint).

simply does not speak to the matter, other than to acknowledge that the contract's structure does not release the bank from any liability it may have to the customer beyond rights created in the contract.

Courts have found an independent tort interest in protection from harm in consumer banking relationships closely resembling this case. For instance, a District Court found that "a bank plainly has a duty not to advance proceeds from a customer's loan to a person who is not authorized to receive those funds" in the case of an alleged fraudster who misrepresented himself as an agent of the plaintiffs and drew on lines of credit in the plaintiff's name from several banks. *Silverman Partners, L.P. v. First Bank*, 687 F. Supp. 2d 269, 284 (E.D.N.Y. 2010) (*mot. for reconsideration denied*, *Silverman v. Wachovia Bank*, No. cv-09-1371, 2010 WL 5090990, at *1 (E.D.N.Y. Dec. 3, 2010)). Another Court found that independent tort duties were owed by a defendant bank to the policyholder of a variable annuity who allegedly suffered fraud and analogized the claim to one for the "negligent processing of unauthorized withdrawal requests." *Banco Multiple Santa Cruz, S.A. v. Moreno*, 888 F. Supp. 2d 356, 371 (E.D.N.Y. 2012). In these cases, the tort claim is not merely an attempt to enforce contractual rights, but is extraneous to the contract. *Id.* at 374. So too here.

Moreover, the existence and scope of an alleged tortfeasor's duty is driven in part by considerations of public policy and the foreseeability of the harm suffered by the plaintiff. *Di Ponzio v. Riordan,* 89 N.Y.2d 578, 583, 679 N.E.2d 616, 657 N.Y.S.2d 377 (1997). Reflecting those considerations, courts tend to impose independent tort duties in bank fraud cases when the alleged fraudster did not have legal rights to the account at issue, but to decline to impose those duties when the fraudster was authorized to access the account. *See, e.g.*, *Silverman*, 687 F. Supp. at 283 (imposing tort duties where the unauthorized loan was "in the name of [plaintiff] only, and

did not name [fraudster] as a borrower); *see also Essilor*, 650 F. Supp. at 87 (declining to impose duty where funds were allegedly stolen with the active assistance of an employee of plaintiff); *Abhyankar by Behrstock v. JPMorgan Chase, N.A.*, No. 18-cv-9411 (PKC), 2020 WL 4001661, at *6 (S.D.N.Y. July 15, 2020) (declining to impose duty where plaintiff herself initiated the challenged transfers). Put simply, the "authorities identifying a duty of care extending from a financial institution to an account holder involved acts of fraud in which a third party directly obtained unlawful access to a plaintiff's account, without the plaintiff's knowledge." *Abhyankar*, 2020 WL 4001661, at *6. In this case, taken as true at the 12(b)(6) stage, outside third parties breached Liardi's HELOC account, altered his personal information, and borrowed funds on his line of credit without his knowledge or authorization. Am. Compl. ¶¶ 6–9. Under these precedents, considerations of public policy and foreseeability support the imposition of an independent negligence duty on the bank's part to protect its customer from third-party fraudsters and the conclusion that the claim is well-pleaded.

Collaterally, it also seems clear that the contract did not shift risk of unauthorized cyberbreach onto Liardi, or indeed speak to unauthorized access at all. Citizens Bank had an independent duty imposed by tort law to take reasonable care to prevent unauthorized access to its customers' HELOC accounts and the borrowing of funds against their collateral. Liardi has sufficiently pled a breach of that duty, which caused significant cash advances pending against his account. Therefore, the motion to dismiss his negligence claim is denied. But, while the HELOC's silence cloaked his negligence claim with plausibility, it does not bode well for Liardi's contract claims.

## II. Breach of Contract

To state a claim for "breach of contract under New York law, a complaint need only allege

(1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages." *Harsco Corp. v. Segui,* 91 F.3d 337, 348 (2d Cir. 1996). The Court may dismiss a breach of contract claim for failure to state a claim on a Rule 12(b)(6) motion if the terms of the contract are unambiguous and the "plain language" of the contract contradicts or fails to support the plaintiff's allegations of breach. *Orchard Hill Master Fund Ltd. v. SBA Commc'ns Corp.*, 830 F.3d 152, 156–58 (2d Cir. 2016).

Here, the HELOC agreement establishes no express duty by the defendant to "ensure that no unauthorized individuals gain withdrawal and/or financial access to the . . . account." Am. Compl. ¶ 28. Because the contract contains no obligations by defendant establishing the purported duty Liardi's claim is predicated on, this claim is dismissed. *See Essilor*, 650 F. Supp. at 84 (dismissing where plaintiff's claimed obligation was "found nowhere" in the contract).

In addition to an express breach, Liardi asserts a breach of an implied contractual duty "to prevent unauthorized individuals from receiving any funds from the plaintiffs'[sic] account." Am. Compl. ¶ 21. New York law implies a covenant of good faith and fair dealing in every contract. *See Donnenfeld v. Petro, Inc.*, 333 F. Supp. 3d 208, 220 (E.D.N.Y. 2018). However, a breach of this duty "is merely a breach of the underlying contract," *Fasolino Foods Co. v. Banca Nazionale del Lavoro*, 961 F.2d 1052, 1056 (2d Cir.1992) (internal quotation marks and citations omitted), and there is no separate cause of action when pled on the same facts as an express breach of contract claim. *See Harris v. Provident Life & Accident Ins. Co.*, 310 F.3d 73, 81 (2d Cir. 2002); *Schroeder v. Cap. One Fin. Corp.*, 665 F. Supp. 2d 219, 226 (E.D.N.Y. 2009).

Liardi does not plead any additional facts that would warrant a separate cause of action for implied breach. The allegation that Citizens Bank had an implied duty to prevent unauthorized individuals from advancing funds against his account is merely a restatement of his claim that

there was an express duty to prevent unauthorized individuals from obtaining access to his account. Furthermore, Liardi pleads no facts showing that Citizens Bank intentionally sought to deprive him of his rights under the contract. For these reasons, this claim is also dismissed. *See Ellington Credit Fund, Ltd. v. Select Portfolio Servicing, Inc.*, 837 F. Supp. 2d 162, 205 (S.D.N.Y. 2011) (dismissing where plaintiffs made "no effort to distinguish their implied covenant claim from their contract claim).

III. Fair Credit Reporting Act

FCRA aims to ensure "reasonable procedures for meeting the needs of commerce for consumer credit . . . in a manner which is fair and equitable to the consumer." 15 U.S.C. § 1681(b). To do so, FCRA imposes obligations on furnishers of information to consumer reporting agencies ("CRAs"), such as Citizens Bank. *Ritchie v. N. Leasing Sys., Inc.*, No. 12-cv-4992 (KBF), 2016 WL 1241531, at *8 (S.D.N.Y. Mar. 28, 2016); Am. Compl. ¶ 50. Failure to fulfill these statutory obligations—including to investigate credit score disputes after the furnisher receives a disputed report and report the results of the investigation to the CRA—results in civil liability. *Id.* at *16. FCRA further grants a private cause of action for a furnisher's willful or negligent failure to investigate a credit score dispute. *See* 15 U.S.C. § 1681s-2(b); *Weeden v. Liberty Mut. CCS Collections*, No. 24-cv-1258 (LJV), 2026 WL 547900, at *3 (W.D.N.Y. Feb. 27, 2026). Keeping with its animating principle of fair reporting, to state a claim under section 1681-s2(b), a plaintiff must show that the furnisher received notice of the dispute from the CRA, and not only from the consumer. *See* 15 U.S.C. § 1681s-2(b)(1); *Markovskaya v. Am. Home Mortg. Servicing, Inc.*, 867 F. Supp. 2d 340, 344 (E.D.N.Y. 2012). It is well established that notice provided directly from a consumer does not meet this requirement. *See Owoyemi v. Credit Corp Sols. Inc.*, 677 F. Supp. 3d 285, 297 (S.D.N.Y. 2023). Thus, without notification from the CRA, the furnisher's obligations

under the Act are not triggered. *Ritchie v. Taylor*, 701 F. App'x 45 (2d Cir. 2017); *Markovskaya*, 867 F. Supp. 2d at 344.

Liardi pleads that he notified Citizens Bank "directly of the dispute," but does not allege that he disputed his credit score with the CRA or that the CRA notified Citizens Bank of the dispute. Am. Compl. ¶ 51. Although Liardi indicates in his opposition papers for the first time that he "has reported this dispute to the various credit reporting agencies," Opp. at 4, 7, the Court cannot consider this new fact because "a party is not entitled to amend its complaint through statements made in motion papers." *Wright v. Ernst & Young LLP*, 152 F.3d 169, 178 (2d Cir. 1998). Therefore, because Citizens Bank received notice of the dispute directly from Liardi and not from the CRA, Liardi does not state a cause of action under section 1681s-2(b). *Prakash v. Homecomings Fin.*, No. 05-cv-2895, 2006 WL 2570900, at *3–*5 (E.D.N.Y. Sept. 5, 2006) (collecting cases).

Importantly, though, dismissal on these grounds is generally without prejudice given that it is a failure of pleading rather than a substantive defect on the merits. *See, e.g.*, *Brooks v. Higher Educ. Loan Auth. of the State of Missouri (Mohela)*, No. 1:25-cv-00844, 2026 WL 161196, at *6 (N.D.N.Y. Jan. 21, 2026); *Abdool v. Cap. One Bank USA*, No. 21-cv-4072, 2021 WL 4147191, at *6 (E.D.N.Y. Sept. 13, 2021). Accordingly, Liardi's FCRA claim is dismissed without prejudice to the refiling of an amended complaint plausibly pleading this claim.[4]

---

[4] Liardi broadly pleads a violation of the New York Fair Credit Reporting Act (NYFCRA) N.Y. Gen. Bus. Law § 380-s et seq. *See* Am. Compl. ¶¶ 57–59. Although the NYFCRA is closely modeled after its federal counterpart, FCRA, there is no provision analogous to Section 1681s-2 of FCRA in the NYFCRA. *See DiTella v. TransUnion, LLC*, No. 23-cv-11028, 2025 WL 2050926 at *9 n. 11 (S.D.N.Y July 22, 2025) (finding no version of Section 1681s-2 in the NYFCRA). This is because FCRA expressly preempts any state law "relating to the responsibilities of persons who furnish information to consumer reporting agencies." 15 U.S.C. § 1681t(b)(1)(F); *see Galper v. JP Morgan Chase Bank, N.A.*, 802 F.3d 437, 449 (2d Cir. 2015) (finding preemption of claims

IV. Remaining Claims

To plead a breach of fiduciary duty under New York law as Liardi squarely presents in the lawsuit, a plaintiff must establish that a fiduciary relationship exists and that it was breached. *See Musalli Factory For Gold & Jewellry v. JPMorgan Chase Bank, N.A.*, 261 F.R.D. 13, 26 (S.D.N.Y. 2009). It is clear in New York law, however, that a relationship between a debtor and a creditor does not give rise to such a fiduciary relationship. *See River Glen Assocs., Ltd. v. Merrill Lynch Credit Corp.*, 295 A.D.2d 274, 275, 743 N.Y.S.2d 870, 871 (1st Dep't 2002) ("[A]n arm's length borrower-lender relationship is not of a confidential or fiduciary nature."). Moreover, under New York law a fiduciary relationship typically "does not exist between a bank and its customer." *Greenberg, Trager & Herbst, LLP v. HSBC Bank USA*, 73 A.D.3d 571, 572, 905 N.Y.S.2d 6, 8 (1st Dep't 2010); *see also Musalli*, 261 F.R.D. at 23 (noting a "general rule that banks do not owe fiduciary duties to customers in a . . . deposit or lending relationship").

Liardi also does not allege that Citizens Bank took on any additional responsibility to monitor Liardi's account or prevent "unauthorized withdrawals" beyond what was required by contract. *See Abhyankar*, 2020 WL 4001661, at *5 (no fiduciary relationship because bank did not "assume additional authority over the accounts, such as monitoring them for large transfers or requiring [] approval for large transactions"). Even drawing all inferences in Liardi's favor, the complaint does not allege facts that establish a fiduciary relationship. Therefore, this claim is dismissed.

Liardi interposes an even more amorphous state law claim. He alleges that the actions of defendant are "violative of New York State laws and of public policy" and demands punitive

---

"that concern a defendant's responsibilities as a furnisher of information under the FCRA"). Accordingly, this state statutory claim is a dry hole, and it is dismissed. *See Owoyemi v. Credit Corp Sols. Inc.*, 596 F. Supp. 3d 514, 520 (S.D.N.Y. 2022).

damages, without specifying a cause of action. Am. Compl. ¶¶ 31–37. This claim fails even the fairly liberal notice-pleading standard of Rule 8, which requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Even "under the lenient pleading requirement of Rule 8(a)(2), conclusory allegations are insufficient to withstand a motion to dismiss." *Washburn v. Kingsborough Cmty. Coll.*, No. 20-cv-00395, 2022 WL 843733, at *2 (E.D.N.Y. Mar. 22, 2022) (citation omitted). For while there are conclusory allegations supposedly supporting this claim, the amended complaint does not even give a hint as to any statutory or common law source of liability on the part of defendant, and must be dismissed for failing to state a ground "upon which relief can be granted". Fed. R. Civ. P. 12(b)(6); *See Twombly*, 550 U.S. at 555. The fifth cause of action is dismissed.

## Conclusion

For the foregoing reasons, defendant's motion to dismiss is denied as to plaintiff's negligence claim but is granted as to all other claims. Dismissal, however, is without prejudice, and plaintiff is granted 20 days leave to amend the dismissed claims from the date the Memorandum and Order is entered on the docket.

So Ordered.

Dated: Brooklyn, New York

October 12, 2026

/ s / Eric N. Vitaliano

ERIC N. VITALIANO

United States District Judge